IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                                                                       Criminal No. 17-00219-02
                                                                       ELECTRONICALLY FILED

     v.

ALEX BROWN, JR.,

        Defendant.

**MEMORANDUM ORDER REVIEWING DETENTION ORDER
AND DENYING RELEASE FROM CUSTODY**

Defendant Alex Brown, Jr., was detained pending trial following a detention hearing before Chief Magistrate Judge Kelly on August 29, 2017 on grounds that no condition or combination of conditions could adequately ensure the safety of the community. Doc. No. 94. Magistrate Judge Kelly found that Defendant should be detained due to the strong weight of evidence against him, the lengthy period of incarceration to which he will be subject if convicted, his prior criminal history, and his participating in criminal activity while on probation, parole, or supervision. *Id.* Defendant requests that the Court vacate the detention order and release him on unsecured bond. Doc. No. 121.

The Court has reviewed Defendant's Motion, doc. no. 121, the Government's Response, doc. no. 133, and the Defendant's Reply, doc. no. 140. The Court has also reviewed the Pretrial Services Report and the transcript of the detention hearing before Magistrate Judge Kelly, doc. no. 167. For the reasons that follow, the Court will DENY Defendant's Motion.

## I. Legal Standards

Title 18 United States Code Section3145(b), provides that:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

The United States Court of Court of Appeals for the Third Circuit has determined that the appropriate standard of review is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). Even though the new Bail Reform Act, 18 U.S.C. §3141, *et seq*, does not specifically grant *de novo* review to the District Court, the Court of Appeals found that, "nothing in the new Act suggests that Congress intended to change that practice." *Delker*, 757 F.2d at 1394. At the evidentiary level, *de novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge including any exhibits admitted therein. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D. Pa 1994). The Court may also consider any additional evidence submitted in connection with the motion. *United States v. Turner*, 08cr0323, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008).

There is a presumption of detention in cases in which, as here, the defendant is charged under the Controlled Substances Act with an offense for which a maximum term of imprisonment of ten years or more is prescribed. 18 U.S.C. § 3142(e). To rebut the presumption, the defendant must produce some evidence, though "[t]he quantum of evidence
2

required to rebut the presumption is not high." *United States v. Gibson*, 481 F. Supp. 2d 419, 420 (W.D. Pa. 2007). The defendant must produce some credible evidence that he will not pose a threat to the community upon his release. *United States v. Wooley*, 11cr0158, 2012 WL 3245472 (W.D. Pa. Aug. 7, 2012).

If the defendant produces evidence to rebut the presumption, the Government continues to bear the burden of persuasion that the defendant should be detained. *United States v. Shannon*, 11cr0237, 2014 WL 7157335 (W.D. Pa. Dec. 15, 2014). The Government must prove dangerousness by clear and convincing evidence. *Id.*

According to Section 3142(g), the following four factors must be considered:

    (1)    the nature and circumstances of the offense;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community, drug abuse history, criminal history, record of appearance at court proceedings, and whether he was on bond at the time of the charged offense; and

    (4)    the nature and seriousness of the danger posed by the person's release.

**II.    Discussion**

*1. Nature and Circumstances of the Offense*

Defendant has been charged with Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances between January 2017 and August 2017 in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute Butyryl Fentanyl and Fentanyl in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On February 23, 2017, Defendant was arrested after selling 44 bags of butyrl fentanyl and charged in state court.  He was indicted for this federal offense and the criminal conspiracy on August 22, 2017.  These are serious drug offenses.

   2. *Weight of the Evidence*

Defendant concedes that the weight of the evidence against him, presented in the light most favorable to the Government, "suggests his involvement in unlawful activity of some sort[.]"  Doc. No. 121, p. 7.  Defendant contends that the "nature of the unlawful activity is at best unclear."  *Id.*  The Court disagrees.  The evidence presented in the light most favorable to the Government strongly suggests that Defendant engaged in a long-term criminal conspiracy to distribute drugs.  *See* Doc. No. 167.

   3. *History and Characteristics of Defendant*

Defendant was born in Philadelphia, Pennsylvania and moved to Pittsburgh approximately six years ago.  He lives with his girlfriend, their two children, ages approximately 4 years and 6 months, and his girlfriend's teenage son.  Defendant's girlfriend works full time.  Defendant acknowledged to the pretrial services officer that he was unemployed.  In his motion, he reports that he most recently worked part time as a cook at Falker's Tavern in Clairton, PA, "in a casual capacity[.]"  Doc. No. 121, p. 6.

Defendant has three pending state court criminal cases, all controlled substances offenses, and one - - regarding the alleged sale of fentanyl in February 2017 - - is charged as an offense in

4

this case. The pretrial services report shows that Defendant has a lengthy criminal history, almost entirely related to the distribution of controlled substances. In 2003, Defendant was found guilty of aggravated assault in New Jersey and sentenced to 8 years of imprisonment. Not long after his release, Defendant was charged with (and later found guilty of) Wandering/Prowling to Obtain/Distribute a Controlled Substance in New Jersey.

Perhaps most troubling is that, following his initial arrest and state charges for the distribution of fentanyl in February 2017, Defendant was arrested for selling controlled substances twice more within just a few months. On May 19, 2017, Defendant was stopped by police and found with eleven pieces of individually wrapped crack cocaine (consistent with distribution). On July 6, 2017, Defendant was found with cocaine that was also packaged in a manner consistent with distribution. *See* [Doc. No. 133-3](Doc. No. 133-3).

### 4. *Nature and Seriousness of the Danger Posed by Defendant's Release*

Defendant argues that Defendant's release would pose no danger to the community because, 1) his co-conspirators in illegal drug distribution have also been arrested, 2) because there will be a "presumption on the street" that Defendant is cooperating if he is released at this stage which will make it unlikely that anyone will sell drugs to or buy drugs from him, and 3) that the Government's delay in arresting Defendant from February 2017 until after the Indictment in this case shows that the Government did not believe he was a serious danger to the community.

These arguments all fail. Defendant has shown that being arrested and charged with serious drug offenses is not a deterrent to his drug distribution activities. "A danger to the

5

community does not only include physical harm or violent behavior." *United States v. Abdullahu*, 488 F. Supp. 2d 433, 438-39 (D.N.J. 2007). Defendant has repeatedly engaged in the distribution of illegal drugs. The Court is mindful that the distribution of fentanyl, in particular, has recently resulted in serious harm to the community - - with multiple reports of overdoses and deaths resulting from that particular drug being reported in the news.[1]

### III. Conclusion

For these reasons, Defendant's Motion for Review of Detention Order and Release from Custody, Doc. No. 121, is DENIED. The existing detention order will remain in place pending trial.

SO ORDERED, this 30th day of October, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

---

[1] *Allegheny County drug overdose deaths surge to 613 in 2016, breaking record.* PITTSBURGH POST-GAZETTE, April 6, 2017 (collecting statistics from multiple local research projects and government agencies), http://www.post-gazette.com/news/overdosed/2017/04/06/Allegheny-County-drug-overdoses-610-deaths-break-record/stories/201704060199, accessed 10/24/2017.